1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DOMAIN TOOLS, LLC, a Delaware limited liability company, | NO. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| RUSS SMITH, an individual, and CONSUMER.NET, LLC, an unknown entity, | JURY TRIAL DEMANDED |
| Defendants. | |

COMPLAINT - i

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

# TABLE OF CONTENTS

I.      NATURE OF THE CASE ........................................................................... 1

II.     JURISDICTION AND VENUE ................................................................. 2

III.    THE PARTIES ........................................................................................... 2

IV.     FACTS ....................................................................................................... 3

    A.   Domain Tools is the preeminent online domain-name registration
         information search service. ........................................................... 3

    B.   Domain Tools' federally-registered trademark ............................. 5

    C.   Smith operates numerous online websites. ................................... 5

    D.   Smith claims that Domain Tools engaged in copyright infringement and
         unlawfully acquired and used public WHOIS information........................... 6

    E.   Smith has threatened to seek cancellation of the federal registration for the
         Mark. .............................................................................................. 6

V.      FIRST CAUSE OF ACTION DECLARATORY RELIEF – 28 U.S.C. § 2201
    NO VIOLATION OF COPYRIGHT ACT, 17 U.S.C. § 101 *et seq.* ................. 6

VI.     SECOND CAUSE OF ACTION DECLARATORY RELIEF – 28 U.S.C.
    § 2201 NO VIOLATION OF ANTICYBERSQUATTING CONSUMER
    PROTECTION ACT, 15 U.S.C. § 1125(d)........................................... 7

VII.    THIRD CAUSE OF ACTION DECLARATORY RELIEF – 28 U.S.C. § 2201
    NO UNLAWFUL ACQUISITON AND USE OF PUBLIC WHOIS
    INFORMATION ........................................................................................... 9

VIII.   FOURTH CAUSE OF ACTION DECLARATORY RELIEF – 28 U.S.C.
    § 2201 SMITH LACKS STANDING TO PETITION FOR CANCELLATION
    OF THE DOMAIN TOOLS MARK .................................................... 10

IX.     FIFTH CAUSE OF ACTION DECLARATORY RELIEF – 28 U.S.C. § 2201
    THE DOMAIN TOOLS MARK IS NOT INVALID AS ALLEGED BY
    SMITH............................................................................................... 11

X.      RELIEF REQUESTED ......................................................................... 12

Plaintiff DOMAIN TOOLS, LLC, a Delaware limited-liability company ("Domain Tools"), files this complaint against Defendant Russ Smith, an individual, and Consumer.net, LLC, an entity of unknown origin, (Smith and Consumer.net are herein referred to as "Smith"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## I.   NATURE OF THE CASE

1.      Plaintiff Domain Tools, LLC provides online domain-name search and monitoring services. Among those services, Domain Tools provides users the ability to access past and current domain-name registration information and historical snapshots of the home page of websites.

2.      Domain Tools offers these services under the federally-registered DOMAINTOOLS trademark, U.S. Reg. No. 4079040 (the "Mark"). Domain Tools has used the Mark continuously since at least as early as May 2006.

3.      Defendant Russ Smith claims to own "hundreds of domains."

4.      Smith has threatened to sue Domain Tools for copyright infringement and to seek cancellation of the Mark at the United States Patent and Trademark Office.

5.      Smith recently contacted Domain Tools and falsely claimed that Domain Tools' unlawfully acquired and used publicly-available information Smith provided in connection with the registration of domain names and that its display of historical snapshots of his websites infringes his copyright interests.

6.      Smith also sent Domain Tools a "draft" U.S. Patent and Trademark Office petition to cancel the Mark which he threatened to file.

7.      Domain Tools seeks a judicial declaration that Smith's allegations are without merit.

8.      Specifically, Domain Tools seeks declarations that i) its creation and display of images of the homepage of Smith's websites does not violate Smith's copyright interest, if any, in those websites; ii) Domain Tools' acquisition and use of the publicly-available information Smith provided in connection with domain name

COMPLAINT - 1

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

registrations is not unlawful; iii) Smith lacks standing to contest the validity of the Mark in a cancellation proceeding; and iv) the Mark is not invalid as alleged by Smith.

## II.  JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Domain Tools seeks a declaration that it has not violated Smith's alleged copyright interests in his various websites under the federal Copyright Act, 17 U.S.C. § 101, *et seq.*

10.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Domain Tools seeks a declaration that Smith lacks standing to contest Domain Tools' federal trademark registration under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and that Smith's allegations relating to the invalidity of the Domain Tools Mark are without merit

11.     This Court has personal jurisdiction over Smith under the Washington long-arm statute, Wash. Rev. Code § 4.28.185(1)(a). By way of example, Smith's specific contact with Washington giving rise to this action includes the commission of tortious acts directed at Washington.

12.     Venue for this action is proper under 28 U.S.C. § 1391 in the United States District Court for the Western District of Washington at Seattle because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred, because Smith is subject to personal jurisdiction in this judicial district, and because Smith consented to this jurisdiction by agreeing to a contract with Domain Tools that provides for Washington jurisdiction and selects Washington as the forum for dispute resolution.

## III.  THE PARTIES

13.     Plaintiff DOMAIN TOOLS, LLC is a Delaware limited-liability company with its principal place of business in King County, Washington.

14.     Defendant RUSS SMITH is an individual. On information and belief, Smith resides in New Jersey.

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

15.     CONSUMER.NET, LLC, is an entity of unknown origin. On information and belief, Consumer.net, LLC is owned and controlled by Smith, which is his alter ego. Consumer.net, LLC and Smith are jointly and severally liable for the allegations contained herein.

## IV.   FACTS

**A.      Domain Tools is the preeminent online domain-name registration information search service.**

16.     Domain Tools provides Internet domain name research and monitoring services. Domain Tools' services are available at its website located at http://www.domaintools.com/ (the "Domain Tools Website"). Domain Tools offers a broad range of services including but not limited to domain name and registration research and monitoring. Domain Tools and its predecessors-in-interest have provided these services since 2000.

17.     The Internet Corporation for Assigned Names and Numbers ("ICANN") controls the domain-name system and sets regulations and policies for domain-name registration. ICANN requires every registrant of an Internet domain name to provide contact information, which information is commonly referred to as "WHOIS" information.

18.     The WHOIS information provided by each domain name registrant is publicly available and accessible through domain name registrars and other third parties and is obtained using functions built into most computer operating systems (e.g. a common browser used to access the website(s) containing WHOIS information).

19.     Domain Tools retains that publicly-available WHOIS information and makes it available to its customers, without modification, through various services on its website. For example, the Domain Tools Website allows users to research current and historical domain-name registration records.

20.     Other online services offer similar domain name registration information research tools, including Network Solutions and who.is.

COMPLAINT - 3                          **NEWMAN | DU WORS**        1201 Third Avenue, Suite 1600
                                                                  Seattle, Washington 98101
                                                                  (206) 274-2800

21.     Domain Tools' preservation of historic WHOIS records has created a unique archive of information about historical domain name usage. The Domain Tools archive is used for a wide range of purposes, including i) supporting law enforcement investigations; ii) helping authorities and businesses track down online fraud; and iii) providing a historical resource for investigating domain-name ownership and usage.

22.     In connection with those records, Domain Tools often provides historical images of the websites associated with particular domain names—called "Screenshots". Screenshots are displayed in connection with domain name records and are also available at the website that Domain Tools operates at http://www.screenshots.com/ (the "Screenshots Website").

23.     As with the Domain Tools WHOIS archive, the Screenshots provide a unique and valuable online resource for investigating domain-name historical use by recording the appearance of the website appearing in connection with each domain name at particular moments in time. Similar services are provided by third parties. For example Archive.org captures and publishes historical website information.

24.     The Screenshots only include a static image of the home page of the website associated with each domain name for which a Screenshot has been captured a particular moment in time. Screenshots do not include any active or internal pages linked from a website home page and do not contain website source code. Screenshots are displayed along with the date upon which the image was taken by DomainTools.

25.     The Screenshots do not supersede the websites they depict because the Screenshot images do not function as websites, but serve only as records of the historical appearance of those websites at a particular moment in time. They offer none of the benefits of an interactive website to a user but instead benefit the public by providing access to historical information about the Internet.

26.     The Screenshots have no effect on the potential market for the depicted websites because they are only static images, not websites, and provide none of the interactivity provided by an actual website to its users. Each of the Screenshots is

COMPLAINT - 4

presented in connection with a link to the pictured website so a user can immediately visit the actual website. DomainTools provides access to Screenshots free of charge to the public through its websites at www.domaintools.com and www.screenshots.com.

**B. Domain Tools' federally-registered trademark**

27.     Domain Tools is well known under the federally registered DOMAINTOOLS trademark used in connection with "domain name search services, namely, conducting online search services for the availability of domain names; computer monitoring in the field of domain names, which tracks domain name registration data and sends out historical reports and alerts", U.S. Reg. No. 4079040 (the "Domain Tools Mark"). Domain Tools is the exclusive licensee of the Mark and has used it continuously since May 2006.

28.     Domain Tools is widely recognized as the premiere source of historical WHOIS information and related research services and the Mark enjoys extensive goodwill and recognition in connection with those services.

29.     Accordingly, the U.S. Patent and Trademark Office has registered the Mark on the Principal Register on the basis that it is distinctive and thus entitled to protection.

**C. Smith operates numerous online websites.**

30.     DomainTools is informed that Smith operates several online websites, including a website located at http://www.network-tools.com/ titled Network-Tools.com.

31.     DomainTools is informed that Smith is also the registrant of the domain name <domain-tools.com>.

32.     DomainTools is informed that Smith's websites appear to be primarily functional in nature and have little or no creative expression.

33.     On information and belief, Smith has only ever used the <domain-tools.com> domain name to automatically redirect to his Network-Tools.com website. The term "domain tools" does not appear on the Network Tools website and Smith does not appear to have used the term "domain tools" in connection with any goods and services.

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**D.**     **Smith claims that Domain Tools engaged in copyright infringement and unlawfully acquired and used public WHOIS information.**

34.     On March 11, 2012, Smith sent Domain Tools a draft complaint he threatened to file on behalf of himself and defendant Consumer.net against Domain Tools in federal court. A copy of that document is attached as Exhibit A.

35.     In that complaint, Smith alleges that Domain Tools infringed his copyright interest in "hundreds of websites" by displaying historical images of those websites on the Domain Tools Website and the Screenshot Website.

36.     Smith also falsely claims that Domain Tools unlawfully obtained and unlawfully sells access to public WHOIS information relating to his domain names.

37.     In his draft complaint, Smith seeks an injunction prohibiting Domain Tools from displaying images of his websites and prohibiting Domain Tools from selling historical public WHOIS registration information associated with domain names he owns.

**E.**     **Smith has threatened to seek cancellation of the federal registration for the Mark.**

38.     On March 11, 2012, Smith sent Domain Tools a draft U.S. Patent and Trademark Office petition on behalf of himself and defendant Consumer.net to cancel the federal registration of the Mark. A copy of that document is attached as Exhibit B.

39.     In the Petition, Smith seeks cancellation of the federal registration for the Mark on the false basis that it is not entitled to protection and that it was obtained fraudulently.

## V.     FIRST CAUSE OF ACTION
## DECLARATORY RELIEF – 28 U.S.C. § 2201
## NO VIOLATION OF COPYRIGHT ACT, 17 U.S.C. § 101 *et seq.*

40.     Domain Tools incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.     A justiciable substantial controversy exists between Domain Tools and Smith over whether the Smith is entitled to relief under the Copyright Act.

42.     Smith's websites are not entitled to protection under the Copyright Act

COMPLAINT - 6

because they are purely functional and do not contain any protectable expression.

43.     To the extent Smith's websites contain protectable expression, Domain Tools' creation and display of static images of those websites is a permissible fair use.

44.     Domain Tools and Smith have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

45.     This proceeding is genuinely adversarial in character between Domain Tools and the defendants.

46.     A declaration by the Court would terminate the controversy between Domain Tools and the defendants.

47.     The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

48.     This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.     This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq*.

50.     Accordingly, Domain Tools requests that the Court issue a judgment declaring that Domain Tools' creation and display of screenshots of the defendants' websites does not violate any of the defendants' rights under the Copyright Act.

## VI.     SECOND CAUSE OF ACTION
### DECLARATORY RELIEF – 28 U.S.C. § 2201
### NO VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

51.     Domain Tools incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.     A justiciable substantial controversy exists between Domain Tools and the defendants over whether the defendants are entitled to relief under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

53.     Defendants have no trademark rights in the term "domain tools" because

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

neither has ever used that term as a source identifier for goods and services. Accordingly, his alleged use of the term "domain tools" was neither distinctive nor famous as required under 15 U.S.C. § 1125(d)(1)(A)(ii).

54.     In registering the domain name <domaintools.com>, Domain Tools lacked any "bad faith intent" as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from defendants' alleged trademark.

55.     Neither of the defendants has any right to the exclusive use of the term "domain tools," nor did either have such a right at the time Domain Tools registered the domain name <domaintools.com>.

56.     Domain Tools and the defendants have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

57.     This proceeding is genuinely adversarial in character between Domain Tools and the defendants.

58.     A declaration by the Court would terminate the controversy between Domain Tools and the defendants.

59.     The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

60.     This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61.     This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq.*

62.     Accordingly, Domain Tools requests that the Court issue a judgment declaring that Domain Tools' registration and use of the domain name <domaintools.com> does not violate defendants' rights under the ACPA.

COMPLAINT - 8

## VII.   THIRD CAUSE OF ACTION
### DECLARATORY RELIEF – 28 U.S.C. § 2201
### NO UNLAWFUL ACQUISITON AND USE OF PUBLIC WHOIS INFORMATION

63.     Domain Tools incorporates the allegations set forth in paragraphs 1 through 62 as though fully set forth herein.

64.     A justiciable substantial controversy exists between Domain Tools and defendants over whether Domain Tools has lawfully acquired and made use of information contained in the public WHOIS database relating to Smith's domain name registrations.

65.     Domain Tools use and display of WHOIS information is lawful.

66.     Domain Tools and defendants have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

67.     This proceeding is genuinely adversarial in character between Domain Tools and each defendant.

68.     A declaration by the Court would terminate the controversy between Domain Tools and each defendant.

69.     The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

70.     This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

71.     This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq.*

72.     Accordingly, Domain Tools requests that the Court issue a judgment declaring that Domain Tools' use and display of publicly-available WHOIS information Smith provided in connection with domain name registrations is lawful.

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## VIII.  FOURTH CAUSE OF ACTION
### DECLARATORY RELIEF – 28 U.S.C. § 2201
### SMITH LACKS STANDING TO PETITION FOR CANCELLATION OF THE DOMAIN TOOLS MARK

73.     Domain Tools incorporates the allegations set forth in paragraphs 1 through 72 as though fully set forth herein.

74.     A justiciable substantial controversy exists between Domain Tools and defendants over whether defendants are entitled to seek cancellation of the Domain Tools Mark.

75.     Defendants lack standing to file a petition for cancelation of the Mark because neither can show that either will be damaged by the registration as required under 15 U.S.C. § 1064.

76.     Domain Tools and defendants have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

77.     This proceeding is genuinely adversarial in character between Domain Tools and defendants.

78.     A declaration by the Court would terminate the controversy between Domain Tools and defendants.

79.     The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

80.     This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

81.     This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq.*

82.     Accordingly, Domain Tools requests that the Court issue a judgment declaring that defendants and each of them lack standing to file a petition for cancellation of the Mark.

NEWMAN | DU WORS

## IX.   FIFTH CAUSE OF ACTION
### DECLARATORY RELIEF – 28 U.S.C. § 2201
### THE DOMAIN TOOLS MARK IS NOT INVALID AS ALLEGED BY SMITH

83.    Domain Tools incorporates the allegations set forth in paragraphs 1 through 82 as though fully set forth herein.

84.    A justiciable substantial controversy exists between Domain Tools and defendants over whether the Domain Tools Mark registration is valid.

85.    Defendants falsely claim that the registration for the Mark is invalid because it was obtained on the basis of a false affidavit filed during application.

86.    Defendants also falsely claim that the Mark is not entitled to protection because it is merely descriptive.

87.    Domain Tools and defendants have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

88.    This proceeding is genuinely adversarial in character between Domain Tools and each defendant.

89.    A declaration by the Court would terminate the controversy between Domain Tools and each defendant.

90.    The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

91.    This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

92.    This Court has the power to declare the rights, status, and other legal relations between the parties pursuant to 28 U.S.C. § 2201, *et seq.*

93.    Accordingly, Domain Tools requests that the Court issue a judgment declaring that the Mark is enforceable and that its registration is not subject to cancellation for the reasons claimed by defendants.

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1

## X.    RELIEF REQUESTED

WHEREFORE, Plaintiff DOMAIN TOOLS, LLC requests that the Court enter judgment in its favor and against Defendant Russ Smith and Consumer.net, LLC, jointly and severally, as follows:

1.    That the Court enter a Judgment declaring that Domain Tools did not violate the rights of either defendant under the Copyright Act, 17 U.S.C. § 101, *et seq*.

2.    That the Court enter a Judgment declaring that Domain Tools did not violate the rights of either defendant under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

3.    That the Court enter a Judgment declaring that Domain Tools did not unlawfully use or display public WHOIS information relating to the domain name registrations of either defendant.

4.    That the Court enter a Judgment declaring that each defendant lacks standing to file a petition for cancellation of the Mark with the U.S. Patent and Trademark Office.

5.    That the Court enter a Judgment declaring that the Mark is enforceable and that its registration is not subject to cancellation for the reasons claimed by either defendant.

6.    That the Court award Domain Tools its costs and attorneys' fees.

7.    That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

COMPLAINT - 12

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1    Dated this 22nd day of March, 2012.

2                                    Respectfully Submitted,

3                                    **NEWMAN DU WORS LLP**

4

5                            By:    _____

6                                    Derek A. Newman, WSBA No. 26967
                                     Derek Linke, WSBA No. 38314

7

8                                    Attorneys for Plaintiff
                                     DOMAIN TOOLS, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT - 13                        **NEWMAN | DU WORS**              1201 Third Avenue, Suite 1600
                                                                        Seattle, Washington 98101
                                                                        (206) 274-2800

**Exhibit A**

**Russ Smith, *pro se***
**PO Box 1860**
**Ocean City, NJ 08226**
**609-385-8966**
**russ@consumer.net**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Consumer.net, LLC and | : | Civil Action No. |
| Russ Smith, *pro se* | : | |
| Plaintiff, | : | **Complaint** |
| v. | : | |
| Domain Tools, LLC, and | : | |
| xxxxxxxxxxxxxxx | : | |
| Defendants | : | |
| | : | |
| | : | |
| | : | |

---

### Summary

1. Plaintiff is filing a *pro se* action pursuant to Title 17 of the Unites States Code to have material removed from defendants' web site that infringe upon copyrights held by plaintiff.  Plaintiff also seeks to prohibit defendants from selling plaintiff's historical domain registration account data that was collected in an unauthorized manner.

### Plaintiff

2. Consumer.net, LLC is owned and operated by entirely by Russ Smith and has no employees and no other person or entity has any interest in Consumer.net, LLC other than Russ Smith.  Russ Smith is representing both parties `pro se`.

### Defendants

3. Defendants operate the web sites "DomainTools.com" and ScreenShots.com."  Defendants primary business at these web sites is to sell

historical domain registration records.[1]  Defendants have also collected an archive of virtually all web sites on the Internet and displays images of these web sites, with the DomainTools.com logo superimposed on them, at "Screenshots.com."  Because the web sites are shown as images instead of the actual web site code the original advertisements can no longer be "clicked."  Instead, defendants inserts ads for their historical domain registration records.  The records being sold were obtained by defendants in an unauthorized manner from a third party.[2]

**Copyright Protected Material Infringed Upon**

4. Plaintiff operates hundreds of web sites and owns the copyrights on the literary work, pictorial, and graphic representations on many of these sites. Defendants are displaying full sized, high resolution images of plaintiff's web sites with defendants' logo superimposed.  These images disable the original ads and substitutes their ads.

5. While low resolution "thumbnail" images may be fair use the images used by defendants are so large that users must normally scroll down to see the entire image.  The activities of defendants are not "fair use" because:

   a. The purpose if for a commercial nature,

   b. The web sites are commercial web sites,

---

[1]When domains are registered the contact data and other technical information are required to be made public.  However, when this information is changed the historical data is no longer public.  DomainTools.com archives the old data and then sells these archives at DomainTools.com.

[2]The domain records are maintained by the domain registrar, Tucows, Inc. whose operations are in Canada.  Downloading and archiving this data for commercial purposes requires permission from Tucows and payment of a $10,000 fee. Defendants did not have authorization and did not pay the fee and harvested the data by collecting it in a stealth manner in order to circumvent security measures to prevent such downloading.

   c.  The entire "home page" of web sites are copies which, in some cases, comprises the entire web site.  Further, defendants have systematically collected these images for each and every one of the hundreds of web sites operated by plaintiff, and

   d.  Defendants disable the web advertisements of plaintiff's web sites (which is the only source of income from those sites) and substitutes their own ads.

### Relief Sought

6.  A proposed order is attached that:

   a.  Prohibits Defendants from displaying images of web sites registered to Plaintiff,

   b.  Prohibits Defendants from selling historical domain registration records associated with domains registered to plaintiff, and

   c.  Require defendants to reimburse plaintiff's legal fees.[3]

_____

Russ Smith, *pro se*

xxxxxx

### CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: _____   Signature: _____

_____

[3]Since this matter is being handled *pro se* the expenses are filing fees and nominal administrative costs without attorney fees.

**Exhibit B**

**DRAFT 3/9/12**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE
TRADEMARK TRIAL AND APPEAL BOARD**

**In the matter of Registration 4,079,040
For the Trademark DOMAINTOOLS
In Classes 035 and 042
Issued January 3, 2012**

|                                           |   |                         |
|-------------------------------------------|---|-------------------------|
|                                           | : | **Petition to Cancel**  |
| **Russ Smith, and Consumer.net, LLC**     | : |                         |
|                                           | : |                         |
| Petitioners,                              | : |                         |
|                                           | : |                         |
| v.                                        | : |                         |
|                                           | : |                         |
|                                           | : |                         |
|                                           | : |                         |
|                                           | : |                         |
| Registrant                                | : |                         |
|                                           | : |                         |
|                                           | : |                         |

1. Russ Smith and Consumer.net LLC[1] are petitioning to cancel the trademark
   Registration 4,079,040 For the Trademark DOMAINTOOLS In Classes 035
   and 042.  A fee of $600 is enclosed.

2. An affidavit of Russ Smith is enclosed that contains proof associated with this
   pleading.

3. The grounds for the petition to cancel are :

   a. DomainTools is merely descriptive for the services being offered by the
      registrant in classes 035 and 042 (see Smith affidavit at XXX),

---

[1]Consumer.net, LLC is owned and operated by entirely by Russ Smith and has
no employees and no other person or entity has any interest in Consumer.net,
LLC other than Russ Smith.  Russ Smith is representing both parties *pro se*.

    b. DomainTools has been used by petitioners to offer services related to the descriptive nature of the term "Domain Tools" for many years and prior to the first use date of Registrant (see Smith affidavit at XXX). These services offered by Petitioners are similar to services offered by the Registrant (see Smith affidavit at XXX),

    c. Registrant engaged in fraud in the application process by claiming to have exclusive use of the term "Domain Tools" when they knew the term was being used by competitors to offers services similar to those of the Registrant and within classes 035 and 042 (see Smith affidavit at XXX).

4. Petitioners have standing because they will be damaged by the registration of this mark  (see Smith affidavit at XXX).  The Petitioners' priority use of the descriptive term "Domain Tools" and Petitioners' priority use of the domain name "Domain-Tools.com" would be restricted because Petitioners' current use could be infringement (see Smith affidavit at XXX).  Also, the underlying value of the "Domain-Tools.com" web site and domain name (as well as other similarly named web sites and domain names operated by Petitioners) would be reduced should registrant have a trademark registration in classes 035 and 042 for the descriptive term "DomainTools"  (see Smith affidavit at XXX).

5. Therefore, Petitioners request that registration 4,079,040 for the Trademark DOMAINTOOLS In Classes 035 and 042 be canceled.

 

_____

Russ Smith, *pro se*
xxxx, 2012