**Russ Smith,** *pro se*
**PO Box 1860**
**Ocean City, NJ 08226**
**609-385-8966**
**smith@help.org**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DomainTools, LLC<br><br>        Plaintiff,<br><br>v.<br>Russ Smith, *pro se*<br>and Consumer.net LLC<br><br>        Defendants | **Civil Action No.**<br>**2-12-Cv-00498-MJP**<br><br>**Document Electronically Filed**<br><br>**Motion to Dismiss**<br>**In Lieu of an Answer**<br><br>**Returnable May 18, 2012** |

**Table of Contents**

Motion to Dismiss .... 2
Defendants .... 2
Lack of Personal Jurisdiction .... 2
Insufficient Process ... 2
Improper Venue .... 3
Complaint Fails to State a Claim Upon Which Relief can be Granted ... 4
    First Cause of Action – Copyright Act .... 4
    Second Cause of Action – Anticybersquatting Consumer Protection Act .... 4
    Third Cause of Action – Acquisition and Use of Whois Information .... 5
    Fourth and Fifth Causes of Action – Cancellation of "Domain Tools" Mark .... 5
Relief Sought .... 5

**Table of Authorities**

Wash. Rev. Code § 4.28.185(4) .... 2
Precision Lab. Plastics v. Micro Test, Inc., 981 P.2d 454 (Wash. Ct. App. 1999) .... 2
Fed. R. Civ. P. 12(b) .... 2
Fed. R. Civ. P. 8(a)(2) .... 4
Copyright act 17 USC § 101 et seq. .... 4
Anticybersquatting Consumer Protection Act [15 USC § 1125(d)] .... 4
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007) .... 4 (not attached for brevity)
Conley v. Gibson, 355 U.S. 41, 45-46 (1957) .... 4 (not attached for brevity)

1

## Motion to Dismiss

1. On May 18, 2012 in the US District Court defendant Russ Smith seeks an order to dismiss this case in lieu of an answer pursuant to Fed R. Civ P 12(b) (2), (3), (4), and (6). Russ Smith is an individual living in New Jersey and requests that any appearance be done via teleconference.[1]

## Defendants

2. Russ Smith ("Russ Smith"), an individual, is filing this pleading *pro se*. and has submitted an affidavit with this motion ("Russ Smith Affidavit"). (Russ Smith Affidavit at 1).

3. Russ Smith lives in Ocean City, New Jersey and is unable to travel to Washington. ( Russ Smith Affidavit at 2).

4. Consumer.net, LLC ("Consumer.net") was a registered LLC in the State of New Jersey. Consumer.net has been dissolved and is no longer a legal entity. (Russ Smith Affidavit at 3, Exhibit A-1).

## Lack of Personal Jurisdiction

5. Subjecting an individual to litigation thousands of miles away from his home would be inconstant with the requirement that the Washington longarm statute not offend "established notions of due process and fair play." [see Precision Lab. Plastics v. Micro Test, Inc., 981 P.2d 454 (Wash. Ct. App. 1999) section II].

## Insufficient Process

6. Service was defective under the Washington longarm statute, Wash. Rev. Code § 4.28.185(4) which requires that "*Personal*

---

[1] In the interest of fairness defendant Russ Smith requests the court require all parties to appear via teleconference.

*service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state*" No such affidavit was filed.

## Improper Venue

7. Domain Tools failed to identity any contract they have with Russ Smith personally to set venue for this dispute. Therefore, there is no cognizable claim upon which relief can be granted concerning an unidentified contract with Russ Smith setting venue.

8. On information and belief, the Domain Tools "historical snapshot" images described in paragraph 1 of the Complaint are housed on web servers in Texas. Any issues concerning the "historical snapshot" images involve issues where a substantial part of events or omissions occurred in Texas (which is not close to either party).

9. Smith does not live In Washington State.

10. Russ Smith objects to the venue in Washington State due to nonresidence.[2]

---

[2]Camden, NJ would be close to either party should there actually be a dispute in federal court involving these parties.

## Complaint Fails to State a Claim Upon Which Relief can be Granted

11. The Complaint fails to state a claim upon which relief can be granted.[3] The specific reasons are discusses below for each so-called "cause of action."

### First Cause of Action – Copyright Act (17 USC § 101 et seq.)

12. Domain Tools fails to identify any specific image in question or any specific right under the Copyright Act. Russ Smith does not personally publish any web sites (see Russ Smith Affidavit at 4). Therefore, there is no cognizable claim upon which relief can be granted for the first cause of action.

### Second Cause of Action – Anticybersquatting Consumer Protection Act [15 USC § 1125(d)]

---

[3] Under Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed if it fails "to state a claim upon which relief can be granted." To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief … ." Fed. R. Civ. P. 8(a)(2). This pleading standard imposed on a plaintiff is not toothless. The Supreme Court recently made this clear when it rejected a literal application of the widely cited proposition that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007) ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard… Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival") (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Thus, an adequate pleading must contain factual allegations that are "enough to raise a right to relief above the speculative level." Twombly at 555. "[A] formulaic recitation of the elements of a cause of action will not do…." Id. Rather, a complaint must state "enough facts to state a claim to relief that is plausible on its face." Id. At 570. [For brevity these well-known case decisions are not attached].

13. Russ Smith has never raised an issue concerning the Anticybersquatting Consumer Protection Act involving Domain Tools and none is identified in the Complaint. Therefore, no controversy exists and there is no cognizable claim upon which relief can be granted for the second cause of action.

### Third Cause of Action – Acquisition and Use of Whois Information

14. Domain Tools has asked that certain acts be declared "lawful" without specifying any specific laws. Therefore, there is no cognizable claim upon which relief can be granted for the third cause of action .

### Fourth and Fifth Causes of Action – Cancellation of "Domain Tools" Mark

15. The trademark for "Domain Tools" was issued to Euro Convergence SARL and not Domain Tools. (See form plaintiff filed entitled: *Report on the Filing or Determination of an Action Regarding a Patent or Trademark*). Domain Tools did not provide any cognizable reason why they would have standing in any dispute involving this application.[4] Therefore, The Complaint fails to state a claim upon which relief can be granted for the fourth and fifth causes of action.

---

[4] Domain Tools states they are a licensee of the Mark but fails to describe why this would give them standing in disputes involving the application filed by the Mark owner.

## Relief Sought

16. The relief south with this motion is:

    a. Dismiss the case in its entirety with prejudice.

*[signature: Russ Smith]*

Russ Smith, *pro se*
April 20, 2012