**Russ Smith, *pro se***
**PO Box 1860**
**Ocean City, NJ 08226**
**609-385-8966**
**smith@help.org**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| DomainTools, LLC<br><br>Plaintiff,<br><br>v.<br>Russ Smith, *pro se*<br>and Consumer.net LLC<br><br>Defendants | **Civil Action No. 2-12-Cv-00498-MJP**<br><br>**Document Electronically Filed**<br><br>**Reply To:**<br><br>**Plaintiff Domain Tools, LLC's Response to Defendants' Motion To Dismiss**<br><br>**New Returnable Date: June 1, 2012** |

**Table of Contents**

Domain Tools, LLC Reply .... 2
Domain Tools Declares It Has Waived It Right To Seek Legal Fees in a Lawsuit .... 2
Lack of Personal Jurisdiction .... 2
Insufficient Process ... 3
Improper Venue .... 4
Complaint Fails to State a Claim Upon Which Relief can be Granted ... 6
First Cause of Action – Copyright Act .... 6
Second Cause of Action – Anticybersquatting Consumer Protection Act .... 6
Third Cause of Action – Acquisition and Use of Whois Information .... 6
Fourth and Fifth Causes of Action – Cancellation of "Domain Tools" Mark .... 7

**Table of Authorities**

Fed. R. Civ. P. 12(b) .... 2
Wash. Rev. Code § 4.28.185(4) .... 2
Schnell v. Tri-State Irrigation, 22 Wn. App. 788, 790, 591 P.2d 1222 (1979) .... 4 (not attached for brevity)
RCL Northwest, inc. v. Colorado Resources, Inc., 72 Wn. App. 265, 270, 864 P.2d 12 (1993) ...4 (not attached for brevity)

## Domain Tools, LLC Reply

1. Defendant Russ Smith sought an order to dismiss this case in lieu of an answer pursuant to Fed R. Civ P 12(b) (2), (3), (4), and (6). Plaintiff Domain Tools has filed a mislabeled reply that states they are replying to "Defendants' Motion to Dismiss" ("Domain Tools' Reply"). However, only one defendant, Russ Smith filed a Motion, Consumer.net, LLC no longer exists and cannot reply.

## Domain Tools Declares It Has Waived It Right To Seek Legal Fees in a Lawsuit

2. Domain Tools filed a "Declaration of Tim Chen in Support of Plaintiff Domain Tools, LLC's Response to Defendant's Motion to Dismiss" ("Chen Certification")[1] The Chen Certification identifies Exhibits A and B which are the so-called "terms of service" of Domain Tools web sites[2]. These exhibits both state in Section 13:

   > *Subject to rights of the parties to seek injunctive relief … any dispute …without limitation ... shall be resolved only by binding arbitration."*

3. If there was a contract between Domain Tools and any other entity involving this so-called terms of service Domain Tools has waived its rights to seek legal fees in court. Therefore, the claim for legal fees must be dismissed.

---

[1]The Chen Certification and the Domain Tools' Reply contains incorrect facts and aspects of the exhibits are false. These issues may be dealt with in a future motion for sanctions but the issues are moot here since Consumer.net, LLC no longer exists and all identified communications relate to Consumer.net.

[2]Even if these documents were contracts then the contracts are with Consumer.net, LLC no longer exists and those issues are moot.

## Lack of Personal Jurisdiction

4. Domain Tools failed to provide any claim that would result personal jurisdiction over Russ Smith as an individual. Domain Tools provided some communications of Russ Smith acting as manager of Consumer.net but failed to show any communications involving Russ Smith as an individual. Domain Tools repeats the statement "Consumer.net, LLC appears to be an alter ego Smith uses ..." which is not a cognizable legal argument. Domain Tools has admitted they are aware Consumer.net, LLC was a distinct legal entity that no longer exists (Domain Tools' reply Section III B).

5. The Chen Certification Exhibits A and B brings up a new issue why there is a lack of personal jurisdiction. These exhibits both state in Sections 12:

> *"These TOS shall be governed by and construed in accordance with the laws of the State of Delaware, USA, without regard the conflict of laws principles thereof."*

So Domain Tools has now stipulated Washington longarm statute does not apply.

## Insufficient Process

6. Even if the Washington longarm statute does apply, service was defective under Wash. Rev. Code § 4.28.185(4) which requires that "*Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state*" No such affidavit was filed.

7. The Domain Tools Reply on this issue is an irrelevant discussion about the summons related to Fed. R. Civ. P. 4(e). The affidavit is a standalone "condition" of applying the longarm statue, not part of the summons covered in Rule 4 and is not sent along with the summons, it is filed on the record. If is was part of the summons process it would be a subpart to paragraph 2 of the longarm statute. It is not, it is a standalone "condition" of applying the longarm statute like paragraph (1). [See Schnell v. Tri-State Irrigation, 22 Wn. App. 788, 790, 591 P.2d 1222 (1979): "Subsection (4) of the statute ... conditions the validity of out-of-state service on the filing of the affidavit" and RCL Northwest, inc. v. Colorado Resources, Inc., 72 Wn. App. 265, 270, 864 P.2d 12 (1993): "The validity of out-of-state service is conditioned on the filing of an affidavit that service cannot be made within the state. RCW 4.28.185(4).]. No authority was cited by Russ Smith on this issue in the Motion to Dismiss because it was Domain Tools that stipulated in the Complaint that the Washington longarm statute applies.

**Improper Venue**

8. Domain Tools has still failed to identity any contract they have with Russ Smith personally to set venue for this dispute. Therefore, there is no cognizable claim upon which relief can be granted.
9. Domain Tools chose to have Delaware as the home base of their company has failed to identify any specific evidence or witnesses.

Domain tools has also failed to identify other parties and potential witnesses which are scattered throughout the world.

10. One portion of this case is to seeks assurance that activities related to downloading and selling "whois" data. However, there are numerous other parties who have rights, place restrictions related to the repackaging and sale of the data, and implement security measures to prevent data mining who would need to be parties to this complaint. Further, a portion of the data related to ".us" domain registrations is owned by the US Department of Commerce.

11. Another portion of the case involves a dispute over some unidentified images that Domain Tools claims to publish. However, John Berryhill, an attorney who represents Euro Convergence SARL, send a letter to Consumer.net, LLC claiming the images are actually published by Euro Convergence SARL (Exhibit A-2). Since the images have not been identified and Russ Smith does not publish any personal web sites (Smith Affidavit at 4) there is no evidence or witnesses related to this issue other than John Berryhill who lives in the Domain Tools home state of Delaware.

12. Another portion of the case involves a trademark registration filed by Euro Convergence SARL of Luxembourg (filed by attorney John Berryhill). Domain Tools does not dispute they have no standing in such a dispute.

**Complaint Fails to State a Claim Upon Which Relief can be Granted**

13. The Complaint fails to state a claim upon which relief can be granted. The specific reasons are discusses below for each so-called "cause of action."

**First Cause of Action – Copyright Act (17 USC § 101 et seq.)**

14. Domain Tools fails to identify any specific image in question or any specific right under the Copyright Act. Even if there were images identifies Euro Convergence SARL publish these images (as discussed above and in Exhibit A-2) and not Domain Tools.

**Second Cause of Action – Anticybersquatting Consumer Protection Act [15 USC § 1125(d)]**

15. Russ Smith has never raised an issue concerning the Anticybersquatting Consumer Protection Act involving Domain Tools and none is identified in the Complaint. Domain Tools points to Exhibit B and claims some trademark rights were claimed. However, no such trademarks were claimed (3a states: "Domain Tools is merely descriptive"). Therefore, no implied Anticybersquatting Consumer Protection Act claims were made and no controversy exists.

**Third Cause of Action – Acquisition and Use of Whois Information**

16. Domain Tools has asked that certain acts be declared "lawful" without specifying any specific laws. This has not changed with

the Domain tools Reply Therefore, there is no cognizable claim upon which relief can be granted for the third cause of action.

**Fourth and Fifth Causes of Action – Cancellation of "Domain Tools" Mark**

17. The trademark for "Domain Tools" was issued to Euro Convergence SARL and not Domain Tools. This is not disputed in the Domain Tools Reply. Therefore, there is no cognizable claim upon which relief can be granted for the third cause of action.

Russ Smith, *pro se*
May 22, 2012

# Exhibit A-2

**John B. Berryhill, Ph.D., Esq.**
**Patent, Copyright, and Trademark Law**
**204 East Chester Pike**
**Ridley Park, PA 19078**
**(610) 565-5601**
**(267) 386-8115 FAX**
**john@johnberryhill.com**

March 7, 2012

**Via Email: russ@consumer.net**

Russ Smith
Consumer.net, LLC
PO Box 1860
Ocean City, NJ 08226

**Re: Recent Threats and Claims Involving Domaintools.com**

Dear Russ,

I am writing on behalf of Euro Convergence SARL who, as you know is the owner of US TM Reg. No. 4079041 for "DOMAINTOOLS" and design, and US TM Reg. No. 4079040 for "DOMAINTOOLS", in response to a recent collection of email communications which you have been sending to a variety of parties. To answer your last comment first, my representation of you in certain matters several years ago constitutes no conflict in relation to the various issues you have raised in connection with domain-tools.com and screenshots.com.

First off, your implicit belief that simply using a domain name establishes some sort of priority for purposes relevant to trademark law is incorrect. As you know, there are several parties which own trade or service mark rights in "SMITH", and no one is chasing after you in relation to your use of your surname to identify yourself. There has even been a party who recently registered a trademark for "BERRYHILL" in connection with restaurants. That fact does not affect me, unless I were to commence using my name as a trademark for a restaurant. The simple facts of the matter are that registration of these marks in no way prevents or impairs you from continuing to use domain-tools.com as a domain name to forward to Network-Tools.com, in the manner you have been doing previously.

As you know, much of my legal career has involved responding to what I consider to be over-reaching by people who engage in bullying behavior. No one has threatened you with a single thing, and it is something of a mystery what is driving your latest crusade of accusations, threats and attempts to intimidate others. It would be particularly preferable if you refrained from engaging in personal attacks such as your accusation, transmitted to a third party, that "Ms. Prosser filed an affidavit that appears to make false claims". As noted above, there has not been to my knowledge any use by you of "DOMAINTOOLS" or any variation thereof as a trade or service mark, and certainly no knowledge by Ms. Prosser of any other trade or service mark use

of the term at the time she executed the application. I have attached a copy of the destination page to which domain-tools.com forwards, and has forwarded for some time. If you believe there is any use of "DOMAIN-TOOLS" or "DOMAIN-TOOLS.COM" appearing as a trade or service mark at that site, let alone with the good and services recited in the above-referenced trademark registrations, please circle it with a red pen and send it back to me.

On the subject of the images of your site appearing at screenshots.com, we do not agree with your copyright infringement claims, and you may want to review the conclusions reached at *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) and *Kelly v. Arriba Soft Corporation* (280 F.3d 934 (CA9 2002) *withdrawn, re-filed at* 336 F.3d 811(CA9 2003)) in that regard. Based on the principles explained in those cases, we believe that the publication of image thumbnails of websites by Euro Convergence is perfectly within the law. In that regard, I remind you that complaints under the DMCA are made under oath, and that false DMCA complaints are actionable.

Finally, in the event this letter does not address your various concerns, feel free to direct any questions you may have for me to my attention. I have not asked that you copy me on random communications you have conducted with various third parties, have no interest in reading your correspondence with them, and will not be responding to them.

Sincerely,

John Berryhill, Ph.D., Esq.

JB:cnd

Enclosures