1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

DOMAINTOOLS, LLC, a Washington
limited liability company,

Plaintiff,

v.

RUSS SMITH, an individual, and
CONSUMER.NET, LLC, an unknown entity,

Defendants.

NO. 12-cv-00498-MJP

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

**JOINT STATEMENT:**

Following an early meeting pursuant to Rule 26(f) of the Federal Rules of Civil

Procedure and Local CR 16, conducted telephonically and concluded on June 20, 2012,

Plaintiff DomainTools, LLC, and Defendant Russ Smith submit this Joint Status Report

and Discovery Plan.

**SMITH's Additional Statement:**

These discussions were essentially fruitless as plaintiff's counsel merely restated

their vague positions and, for the most part, did not engage in substantive discussion.

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1.      **Nature and Complexity of Case.**

**DOMAINTOOLS:**

DomainTools seeks declaratory relief arising from numerous legal threats Smith sent it in connection with its <domaintools.com> and <screenshots.com> websites. Smith sent threats to DomainTools, including in a draft complaint he threatened to file in federal court in New Jersey, alleging that DomainTools infringed his copyright interest in websites he operates, that DomainTools has unlawfully acquired and used publicly-available Whois domain name registration information in connection with Smith's domain name registrations, and that the federal DOMAINTOOLS trademark registration was obtained under fraudulent pretenses. Smith also sent to DomainTools a draft cancellation petition he threatened to file with the U.S. Patent and Trademark Office.

In this lawsuit, DomainTools seeks declaratory judgments that: (1) DomainTools has not violated any copyright Smith has in his websites; (2) that DomainTools has not violated Smith's rights under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) in connection with its <domaintools.com> domain name; (3) that DomainTools has not unlawfully used or displayed public Whois information relating to Smith's domain name registrations; (4) that Smith lacks standing to file a petition for cancellation of the federal DOMAINTOOLS trademark registration; (5) that the DOMAINTOOLS mark is enforceable and that its registration is not subject to cancellation for the reasons claimed by Smith.

**SMITH:**

Plaintiff Domain Tools engages in a high risk business plan where they collect information, often without permission, from web sites and domain name registration data databases ("whois" databases).  In order to collect this data Domain Tools sometimes circumvents security mechanisms put in place to prevent data harvesting and disregards notices and direct requests not to collect the data for commercial purposes.  Domain Tools generates disputes and complaints from a number of parties which they claim would all be resolved by this court action.  Domain Tools further seeks to bind visitors to

JOINT STATUS REPORT
[12-cv-00498-MJP] - 2

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1  their web sites to the same type of terms of service notice that they routinely disregard

2  themselves as part of their business plan.

3    Domain Tools is seeking declaratory relief as a result of communications between

4  Consumer.net, LLC (which does not exist anymore) and Euro Convergence SARL

5  (Luxembourg) concerning the trademark registration application for the trademark

6  "DOMAIN TOOLS" filed with the US Patent and Trademark Office (USPTO). Smith

7  owns and operates (or has owned or operated) various LLC's that utilize the domain name

8  "Domain-Tools.com" (note the hyphen between "Domain" and "Tools") since 1999.

9  Smith's LLC's use (or have used) the domain to direct Internet users to web site offering

10  online tools related to internet domain names and other advertising related to domain

11  names. This led to a dispute over information filed with the USPTO by Euro

12  Convergence SARL. This also led to disputes between Consumer.net, LLC and Euro

13  Convergence SARL over the use of images of Consumer.net web sites and the sale of

14  historical whois data of Consumer.net domains (which were registered in Canada).  The

15  historical whois data is sold through DomainTools.com (Note this domain name is

16  without a hyphen).

17    The nature of the dispute is that Euro Convergence SARL filed a trademark

18  application that claimed essentially exclusive use of the term "Domain Tools."  However,

19  Domain Tools also submitted a Google search that showed a Consumer.net web site that

20  was given a very high ranking for the term "DomainTools."  This was a result of the use

21  of the domain name "Domain-Tools.com."  Based on those submissions to the USPTO,

22  the fact that Euro Convergence SARL is an expert in domain names, and other factors,

23  Smith believes Euro Convergence SARL knew that they did not have essentially

24  exclusive use of the term "Domain Tools" when filing the USPTO application.

25    Domain Tools has indicated they are a licensee of the "DOMAIN TOOLS"

26  trademark from Euro Convergence SARL but, up to this point, have failed to provide any

27  legal arguments why they would have standing in a dispute over the underlying

28  application.  Domain Tools also has not explained why Euro Convergence SARL claimed

JOINT STATUS REPORT
[12-cv-00498-MJP] - 3

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   they post the images at <screenshots.com> yet , in this Complaint, Domain Tools claims

2   they publish the images.

3        The standard for standing in trademark disputes is "any person who believes that

4   he or she is or is likely to be damaged by such act" [15 U.S.C. Â§1125(a)(1)].  Smith

5   believes it is likely that this issue, if it moves past the motion to dismiss, will most likely

6   be resolved by summary judgment.

7        Domain Tools repeatedly discusses Smith's "trademark rights" in the term Domain

8   Tools when discussing both the Cybersquatter Protection Act and the standing in

9   trademark disputes. However, Smith has repeatedly informed Euro Convergence SARL

10  and Domain Tools the only claim is that term "Domain Tools" is descriptive and that

11  Smith would be harmed because the "DOMAIN TOOLS" trademark would devalue the

12  domain "Domain-Tools.com."

13       Disputes involving the trademark and copyright issues are straightforward as far as

14  the facts are concerned and minimal discovery required. The analysis of the copyright

15  issues would have some complexity as factors need to be weighed but these issues are

16  generally low complexity. However, Domain Tools has apparently received several other

17  complaints from other parties complaining about essentially the same thing so the

18  decision would affect other parties not yet a part of this case.

19       The historical whois data issue is much more complex. The current whois data is

20  mandated to be public but the historical data is not. Further, essentially all whois

21  databases have a banner attached that prohibits the packaging and resale of the data. Also,

22  many of the whois databases have enacted security mechanisms which apparently have

23  been circumvented by Domain Tools. These issues would require a substantial number of

24  additional defendants such as the Internet Corporation for Assigned Names and Number

25  (ICANN) who mandates the whois system.  Numerous registrars and registries who

26  control and have rights in the data and/or who have enacted the security mechanisms to

27  prevent the harvesting of the data would also need to be included.  Additionally, the data

28  related to the Consumer.net domains involves Canadian law as the data was collected

JOINT STATUS REPORT
[12-cv-00498-MJP] - 4

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   from a Canadian registrar.  The overall system of collecting, repackaging, and selling

2   historical whois data could be affected by any number of laws in many different

3   countries.

4       Further, on information and belief, Domain Tools is controlled and is affiliated

5   with a number of different entities that register or have registered domain names that are

6   typos of well known trademarks. Further, it appears some of these controlling members

7   have engaged in a pattern of submitting false and/or misleading information to domain

8   dispute arbitration panels. This situation appears to lead to a number of trademark

9   complaints and disputes used to increase the sales of expensive historical whois reports

10  sold to trademark attorneys. Domain Tools promotes the sale of such reports at such

11  places as conventions operated by the Intentional Trademark Association (INTA).

12      Consumer.net, LLC has been dissolved and Russ Smith is the only defendant that

13  can respond.  Domain Tools has claimed Consumer.net is an "alter ego" of Russ Smith

14  but no legal arguments have been presented to support that claim.

15                  C.    Complexity.

16  **DOMAINTOOLS:**

17  DomainTools believes that this is a case of moderate complexity.

18  **SMITH:**

19  The whois issue is moderate complexity while all other issues are low complexity.

20

21  **2.    ADR Method.**

22  **DOMAINTOOLS:**

23  DomainTools believes that mediation would be appropriate for this matter.

24  **SMITH:**

25  ADR does not appear to be warranted at this time.

26      The copyright issue is a "hot topic" in the Internet world with major players

27  involved such as Google and the Internet Archive. Further, apparently Domain Tools has

28  received a number of similar complaints from third parties alleging copyright

1  infringement. Therefore, any decisions involving these issues should be decided by the
2  courts as the decisions will affect a number of parties.

3      The whois issue involves a number of parties and the issues go way beyond a
4  simple dispute between Domain tools and Smith.  Therefore, any decisions involving
5  these issues should be decided by the courts as the decisions will affect a number of
6  parties.

7      The standing in trademark disputes issue is relatively straightforward and would
8  normally be an arbitration candidate.  Euro Convergence SARL was offered arbitration to
9  resolve the dispute and the response was this litigation.  However, the controlling
10  members of Domain Tools have a reputation of supplying, what appears to be, false
11  and/or misleading information to domain dispute arbitration panels.  Under these
12  circumstances arbitration with Domain Tools is not advisable.

13

14  **3.      ADR Timing.**

15  **DOMAINTOOLS:**

16      DomainTools proposes that mediation should take place no later than September
17  30, 2012.

18  **SMITH:**

19      Not applicable.

20

21  **4.      Deadline for Joining Additional Parties.**

22  **DOMAINTOOLS:**

23      DomainTools proposes a deadline of August 1, 2012 for joining additional parties.

24  **SMITH:**

25      September 1, 2012 if the whois issue is dismissed. March 1, 2013 if the whois
26  issue is not dismissed.  Due to Smith's lack of experience in conducting litigation a
27  request may be made to change these dates.

28

NEWMAN | DU WORS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5.     Proposed Discovery Plan.**

      A.     <u>Date of FRCP 26(f) Conference and Exchange of FRCP 26(a) Initial Disclosures</u>.

**DOMAINTOOLS:**

The parties concluded their FRCP 26(f) conference on June 20, 2012. They agreed during that conference to exchange initial disclosures on or before July 4, 2012, which is the default deadline provided for initial disclosures under FRCP 26(a)(1)(C).

**SMITH:**

During the status conference the parties agreed to exchange initial disclosures according to the FRCP which states: "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order..." The court order stipulated initial exchanges should tale place 8 days after the Rule 26(f) conference.

Defendant Russ Smith filed initial disclosures on June 28, 2012 as ordered by the court. Plaintiff has not filed initial disclosures and second motion to dismiss has been filed.

      B.     <u>Subjects on Which Discovery May Be Needed and Whether Discovery Should Be Conducted in Phases or Be Limited to Focus upon Particular Issues</u>.

**DOMAINTOOLS:**

DomainTools will take discovery on Smith's ownership and operation of websites, the registration information he provided in connection with his domain name registrations, the basis for his claim that he has used "domain-tools.com" as a trademark, and the basis for the claims and threats he has made to DomainTools.

**SMITH:**

Discovery for the whois issues will be, by far, the most complicated portion of discovery and will need to be conducted in phases. Discovery will be taken to determine the whois databases accessed and the methods to access those databases [may require discovery from this party Internet service providers, American Registry for Internet

JOINT STATUS REPORT
[12-cv-00498-MJP] - 7

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

numbers (ARIN), or other third parties].  Also, discovery involving the controlling members of Domain Tools, their affiliates, associates, etc., and the domain names they registered and any associated disputes or conflicts, the whois history reports sold and to whom, and the advertising methods used to sell the reports. Also, other complaints from third parties involving the historical whois.

Discovery for copyright issues will be minimal and probably not be conducted in phases.  It  and will involve the methods used to store and display the images and policies involving removal of images when requested by the web site owner as well as complaints from third parties.

Discovery for trademark issues will be minimal and probably not be conducted in phases. and involves discovery of the knowledge of and use of the term "Domain Tools" by Domain Tools and the submissions to the USPTO by Euro Convergence SARL.

> C. <u>What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed</u>.

**DOMAINTOOLS:**

DomainTools believes that the extensive third-party discovery proposed by Smith in Section 5.B., above, may require it to seek limitations on the scope of discovery in this action.

**SMITH:**

None known at this time

> D. <u>A statement of how discovery will be managed so as to minimize expenses</u>.

**DOMAINTOOLS:**

DomainTools agrees to minimize the expense of discovery by informal cooperation whenever possible.

JOINT STATUS REPORT
[12-cv-00498-MJP] - 8

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**SMITH:**

Smith has asked Domain Tools to dismiss counts that it knows will not survive a motion to dismiss and has agreed to take most of the depositions via paper since some of the witnessed are in Europe and other parts of the world.

> E.     Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

**JOINT:**

The parties are not currently requesting any other order under FRCP 26(c) or Local Rule CR 16(b) and (c) at this time. The parties may negotiate a confidentiality agreement between themselves or propose a FRCP 26(c) order to protect confidential information if the need for such an order arises.

**DOMAINTOOLS:**

DomainTools believes that the scope of party and third-party discovery proposed by Smith may require it to seek a protective order under FRCP 26(c) to limit that discovery or to limit access to and use of discovery materials. This need will likely become ripe when Smith serves discovery requests in this matter.

**SMITH:**

None known at this time. However, Smith's professional certification status as a Certified Information Systems Security Professional (CISSP) requires him to report issues of hacking, unauthorized data harvesting, and other similar activities to appropriate authorities. This will most likely lead to disputes over confidentiality issues.  Previous attempts to negotiate a confidentiality agreement have been fruitless.

**6.     Discovery Cutoff.**

**DOMAINTOOLS:**

DomainTools proposes that discovery be completed by December 31, 2012.

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1    **SMITH:**

2    December 31, 2012 if whois issues are dismissed. December 31, 2013 if whois

3    issues are not dismissed.  Due to Smith's lack of experience in conducting litigation a

4    request may be made to change these dates.

5

6    **7.    Magistrate.**

7    **DOMAINTOOLS:**

8    DomainTools does not agree to referral of this case to a magistrate.

9    **SMITH:**

10   Russ Smith agrees to a magistrate handling the case.

11

12   **8.    Bifurcation.**

13   The parties do not believe that this case should be bifurcated.

14

15   **9.    Pretrial Order.**

16   The parties do not believe that the pretrial statements and order required by Local

17   Rules CR 16(e), (h), (i), (l) and 16.1 should be disposed with in whole or in part.

18

19   **10.    Suggestions for Shortening the Trial.**

20   **JOINT:**

21   The parties will cooperate with each other to ensure trial proceeds with reasonable

22   efficiency but do not currently have any suggestions for shortening or simplifying the

23   case.

24   **DOMAINTOOLS:**

25   DomainTools did not state, as Smith claims below, that "only some of the items

26   would survive the motion to dismiss" and does not believe that a voluntary dismissal of

27   any claims is appropriate.

28

JOINT STATUS REPORT
[12-cv-00498-MJP] - 10

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**SMITH:**

During the Rule 26(f) conference Smith asked Domain Tools' counsel to dismiss the complaint because the complaint was not legitimate.  Domain Tools' counsel indicated they believed some of the items would survive the motion to dismiss. Smith then asked Domain Tools to voluntarily dismiss those claims they believed would not survive a motion to dismiss.

Smith notified Defendant's counsel that continuing to pursue to the whois issue could lead to significant discovery expense on their part and would require the inclusion of several other parties who control the data and whose security mechanisms were circumvented.

**11.    Date of Trial.**

**DOMAINTOOLS:**

DomainTools requests a trial date of June 3, 2013.

**SMITH:**

Unknown

**12.    Jury or Bench Trial.**

DomainTools has demanded a jury trial.

**13.    Length of Trial.**

**DOMAINTOOLS:**

DomainTools estimates trial of this matter will require 6-9 days.

**SMITH:**

Unknown.

JOINT STATUS REPORT
[12-cv-00498-MJP] - 11

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

**14.     Trial Counsel.**

For Plaintiff DomainTools, LLC:

Derek A. Newman
*derek@newmanlaw.com*
Derek Linke
*linke@newmanlaw.com*
Newman Du Wors LLP
1201 Third Avenue, Suite 1600
Seattle, Washington  98101
(206) 274-2800

For Defendant Russ Smith:

Russ Smith, pro se
PO Box 1860
Ocean City, NJ  08226
*smith@help.org*
(609) 385-8966

Consumer.net does not have a contact as it does not exist.

**15.     Status of Service.**

**DOMAINTOOLS:**

Smith and Consumer.net, LLC have been served (*See* Dkt. Nos. 15, 16).

**SMITH:**

Issues involving service have been addressed in the pending motion to dismiss.

**16.     Scheduling Conference.**

The parties request a scheduling conference prior to a scheduling order being entered in this case.

**17.     Cameras in the Courtroom.**

**DOMAINTOOLS:**

DomainTools consents to having hearings in this matter video recorded as part of the Judiciary's Pilot Project on Cameras in the Courtroom.

JOINT STATUS REPORT
[12-cv-00498-MJP] - 12

**NEWMAN | DU WORS**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1    **SMITH:**

2    Defendant does not agree to video recording.

3

4    DATED this 2nd day of July, 2012.

5

6    **NEWMAN DU WORS LLP**                    **RUSS SMITH**

7

8    By:   s/ Derek Linke
     Derek Linke, WSBA No. 38314              For Defendant Russ Smith
9    Derek A. Newman, WSBA No. 26967

10   Attorneys for Plaintiff
     DomainTools, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **SMITH:**

2   Defendant does not agree to video recording.

3

4   DATED this 2nd day of July, 2012.

5

6   **NEWMAN DU WORS LLP**          **RUSS SMITH**

7

8   By:_____     _____
    Derek Linke, WSBA No. 38314    For Defendant Russ Smith
9   Derek A. Newman, WSBA No. 26967

10  Attorneys for Plaintiff
    DomainTools, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28