Honorable Marsha J. Pechman

**UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| DOMAINTOOLS, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSS SMITH, an individual, and CONSUMER.NET, LLC, an unknown entity,<br><br>    Defendants. | NO. 2:12-cv-00498-MJP<br><br>**PLAINTIFF DOMAINTOOLS, LLC'S RESPONSE TO DEFENDANT RUSS SMITH'S SECOND MOTION TO DISMISS (Dkt. # 28)**<br><br><br>**ORAL ARGUMENT REQUESTED** |

RESPONSE TO MOTION TO DISMISS
[Case No. 2:12-cv-00498-MJP] - 1

**Newman | Du Wors**

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

## I.    INTRODUCTION

Plaintiff DomainTools, LLC respectfully requests that the Court deny Defendant Russ Smith's Second Motion to Dismiss (Dkt. # 28). Smith, who is unrepresented by counsel, moved to dismiss DomainTools' complaint with prejudice based on the false assertion that DomainTools failed to timely serve initial disclosures. But DomainTools served its initial disclosures on time.

Rule 26(a)(1) requires parties to exchange initial disclosures 14 days after the Rule 26(f) conference. The Rule 26(f) conference in this matter was on June 20, 2012—DomainTools served its initial disclosures 14 days later, on July 4, 2012. And Smith knew that was the deadline for exchanging initial disclosures because he agreed to it during the parties' Rule 26(f) conference. Smith's motion lacks merit and DomainTools requests that the Court deny it.

## II.    PROCEDURAL BACKGROUND

**A.    The Court's Scheduling Order set specific deadlines for the Rule 26(f) conference and the exchange of initial disclosures.**

On April 23, 2012, the Court entered its Order Regarding Initial Disclosures, joint Status Report, and Early Settlement (Dkt. # 14) ("Scheduling Order"). Among other things, the Scheduling Order set the following deadlines:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | **5/21/2012** |
| Initial Disclosures Pursuant to FRCP 26(a)(1) | **5/29/2012** |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Rule CR 16 | **6/4/2012** |

(Scheduling Order (Dkt. # 14) at p. 1.) The Court ordered all "counsel and any pro se parties" to conduct the Rule 26(f) conference "by direct and personal communication, whether that be a face-to-face meeting or a telephonic conference." (*Id*. at p. 1.)

RESPONSE TO MOTION TO DISMISS
[Case No. 2:12-cv-00498-MJP] - 2

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1

2

3

**B.     Defendant Smith refused to participate in the Rule 26(f) conference on May 21, and then moved for an extension of time for the initial discovery-related deadlines.**

4

DomainTools sent Smith multiple emails advising of the Court's in-person

5

requirement for the Rule 26(f) conference, proposing times for the conference, and

6

requesting Mr. Smith's availability. (Declaration of Derek Linke in Support of Plaintiff's

7

Response to Defendants' Motion to Dismiss ("Linke Decl.") at ¶ 2, Exs. A–C.) Finally,

8

shortly before the time proposed for the Rule 26(f) conference, Smith emailed and

9

demanded that DomainTools send him a draft joint status report. (*Id.* at ¶ 3, Ex. D.)

10

Although DomainTools was not required to supply a draft report in advance, it

11

nonetheless quickly prepared a draft and sent it to Smith in advance of the scheduled

12

conference. (*Id.* at ¶ 4, Ex. E.) Then, when DomainTools called Smith to conduct the

13

Rule 26(f) conference at the time Smith proposed, Smith repeatedly stated that the call

14

was not for the purpose of conducting a Rule 26(f) conference and then abruptly

15

terminated the call. (*Id.* at ¶ 5.)

16

Smith refused to answer when DomainTools' counsel called him back. (*Id.* at ¶ 6.)

17

DomainTools' counsel left several voice mails requesting that Smith resume the Rule

18

26(f) conference. (*Id.* at ¶ 7.) Smith sent an email about 30 minutes later claiming that

19

there had been no Rule 26(f) conference:

20

21

22

23

> I received messages on my phone where you claimed we were in a middle of the court ordered conference and we got disconnected.  We a;ready [*sic*] established that the call was not actually for the purpose of the court ordered conference as previously discussed.  Obviously your purpose in leaving those messages is to deceive the court by claiming you actually attempted to have the court-ordered conference.  Of course such a claim would not be legitimate but I am sure that will not stop you.

24

(*Id.* at ¶ 8, Ex. F.) About an hour after that, Smith sent another, threatening email to

25

DomainTools' counsel: "If you ever call my phone again I will see about having you

26

arrested." (*Id.* at ¶ 9, Ex. G.)

27

28

RESPONSE TO MOTION TO DISMISS
[Case No. 2:12-cv-00498-MJP] - 3

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

The following day, Smith filed a motion with the Court asking that it continue the Rule 26(f) deadline and reiterated his threats to DomainTools' counsel:

> The second reason is that Domain Tools has not cooperated with the process. I have sent messages for several weeks with no response. When a draft report was developed Domain Tools ignored deadlines and provided a draft a few minutes before the scheduled conference so there was not me [*sic*] for me to review it. The draft had completely ignored all of my input and was useless. Domain tools [*sic*] then repeatedly called my phone and insisted on having a conference even though I told them there was no point due to noncooperation on the part of Domain Tools. I finally had to threaten to call the police to stop the phone calls.

(Motion for Leave to Extend Rule 26 Requirements (Dkt. # 24) at ¶ 4.) Smith also requested that the Court relieve him of his obligation to participate in the Rule 26(f) conference by telephone. (*Id.* at ¶ 5.) DomainTools was prepared to comply with the deadlines in the Court's Scheduling Order, but did not oppose Smith's request for an extension. (Linke Decl. at ¶ 10.)

**C.   The Court granted Smith's request and set new deadlines for the Rule 26(f) conference and the filing of the joint status report.**

On May 23, 2012, the Court granted Smith's request for an extension of time:

> At the request of Defendant Russ Smith, an extension of time to file the joint status report is granted. The report will be due on July 3, 2012. The FRCP 26(f) Conference Deadline is June 20, 2012. All other FRCP 26-related dates are adjusted accordingly. Failure to adhere to these deadlines may result in sanctions, up to and including dismissal of this action.

(Minute Order (Dkt. # 25) at 1.) The Minute Order did not address Smith's request that he be relieved of the obligation to conduct an in-person Rule 26(f) conference. (*Id.*)

So on June 14, 2012, DomainTools' counsel emailed Smith regarding the June 20 Rule 26(f) deadline and proposing a time to conduct the conference. (Linke Decl. at ¶ 11, Ex. H.) Smith responded and claimed that "We already had the Rule 26(f) conference." (*Id.* at ¶ 12, Ex. I.)

**D.   The parties finally conducted a Rule 26(f) conference on June 20 and agreed to exchange initial disclosures 14 days later.**

Eventually, and with the Court's assistance (*see* Minute Entry (Dkt. # 27)), DomainTools and Smith conducted a Rule 26(f) conference on June 20, 2012. (Linke Decl. at ¶ 13; Declaration of Lindsey Rowson In Support of DomainTools' Opposition to

RESPONSE TO MOTION TO DISMISS
[Case No. 2:12-cv-00498-MJP] - 4

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   Smith's Second Motion to Dismiss ("Rowson Decl.") at ¶ 2.)

2           During that conference, DomainTools and Smith conferred about the required

3   subjects, including the timing of initial disclosures. (Linke Decl. at ¶ 14; Rowson Decl. at

4   ¶ 3.) Smith initially proposed to extend the date for initial disclosures until after the

5   Court's ruling on his first Motion to Dismiss (*see* Dkt. # 11), but the parties eventually

6   agreed to exchange them 14 days after the Rule 26(f) conference. (Linke Decl. at ¶ 15;

7   Rowson Decl. at ¶ 4.) That would have made the initial disclosures due on July 4, 2012.

8   (Linke Decl. at ¶ 16.)

9           Over the next week or so, the parties exchanged multiple drafts of the joint status

10  report. (*Id.* at ¶ 17.) Neither of the parties made any changes to the agreement to

11  exchange initial disclosures on July 4, 2012. (*Id.* at ¶ 17.)

12

13  **E.      Smith wrote to DomainTools to complaint about not having enough time to
            prepare initial disclosures, DomainTools offered him a further extension, and
            Smith then immediately filed his Second Motion to Dismiss without meeting
14          and conferring.**

15          On June 26, 2012, Smith emailed DomainTools' counsel to complain that he

16  lacked sufficient time to prepare initial disclosures by the agreed date and complete the

17  joint status report:

18          I received notification from the court that the filing system will down [*sic*]
            all weekend.  I have a Fiona Apple concert tomorrow and next week is 4th
19          of July week and I will be unavailable.   Further, you insisted on
            maintaining the schedule for initial disclosures and I need to review the
20          requirements and send them to you by the deadline.  Therefore I will not
            have time to review any documents send me or coordinate signatures.  I
21          will only have time to finalize my submission and file it before the system
            shuts down for the weekend.
22

23  (Linke Decl. at ¶ 18, Ex. J.) DomainTools responded and offered Smith additional time to

24  exchange initial disclosures:

25          Also, with respect to the initial disclosures, I will agree to a reasonable,
            mutual extension to accommodate your schedule. Your proposal during our
26          Rule 26(f) conference was that they be postponed pending the outcome of
            the motion to dismiss. You did not indicate any other reason to agree to a
27          later deadline for those disclosures.

28          Would an additional 14 days, until July 18, 2012, be sufficient? If so, I can

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1   make that change to the Joint Status Report.

2   (Linke Decl. at ¶ 19, Ex. K.)

3    Smith did not respond to that offer, but instead filed his Second Motion to

4   Dismiss, claiming that the Court ordered the parties to exchange initial disclosures on

5   June 28:

6   > "The Minute Order filed May 23, 2012 changed the Fed. R. Civ. P. 26(f)
> conference to June 20, 2012 and adjusted all other Fed. R. Civ. P. 26 dates
7   > accordingly. This changed the date of initial disclosures to June 28, 2012.
> Domain Tools failed to submit the disclosures to defendant Russ Smith by
8   > that date."

9   (Second Motion to Dismiss at p. 1.) Smith requests that the Court issue terminating

10   sanctions against DomainTools for this alleged failure to make initial disclosures:

11    The relief south [*sic*] with this motion is:

12     a. Dismiss the case in its entirety with prejudice.

13   (Second Motion to Dismiss at pp. 1–2.) The Court's Minute Order did not set a deadline

14   of June 28 for exchanging initial disclosures. (Minute Order (Dkt. # 25).) The next draft

15   of the joint status report Smith sent to DomainTools reflected for the first time Smith's

16   position that the initial disclosures were to be exchanged on June 28. (Linke Decl. at

17   ¶ 20.)

18   **F. DomainTools timely served initial disclosures but Smith has yet to serve any.**

19    On July 4, 2012—the date agreed to by the parties during the Rule 26(f)

20   conference—DomainTools served its initial disclosures by U.S. Mail. (Linke Decl. at

21   ¶ 21, Ex. L.) Smith still has not served DomainTools with initial disclosures. (*Id.* at ¶ 22.)

22   Instead, Smith sent DomainTools' counsel a number of emails containing his initial

23   disclosures. (*Id.* at ¶ 23.) Smith claims this email delivery constitutes service despite the

24   absence of an electronic service agreement in this case and despite DomainTools'

25   counsel's communication to Smith stating that DomainTools does not consent to

26   electronic service. (*Id.* at ¶ 24; *see* Certificate of Service (Dkt. # 30)).

27

28

RESPONSE TO MOTION TO DISMISS
[Case No. 2:12-cv-00498-MJP] - 6

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

1

### III.   ARGUMENT

2   "A party must make the initial disclosures at or within 14 days after the parties'

3   Rule 26(f) conference unless a different time is set by stipulation or court order…." Fed.

4   R. Civ. P. 26(a)(1)(C). The Court's Minute Order (Dkt. # 25) extended the Rule 26(f)

5   deadline to June 20, 2012, but it did not set a deadline for initial disclosures.

6   The parties conducted the Rule 26(f) deadline on June 20 and agreed to exchange

7   Rule 26(f) disclosures exactly 14 days later, on July 4. Therefore, DomainTools' service

8   of initial disclosures on July 4 was timely.

9

### IV.   CONCLUSION

10   There is no legal or factual basis for Smith's motion. DomainTools timely served

11   its Rule 26(a)(1) initial disclosures on July 4, 2012—which was both the date Smith

12   agreed the parties would exchange disclosures during their Rule 26(f) conference and the

13   date provided for those disclosures under Rule 26(a)(1)(C). Smith's Second Motion to

14   Dismiss should be denied.

15

16   Dated this 16th day of July, 2012.

17                                  Respectfully Submitted,

18                                  **NEWMAN DU WORS LLP**

19

20                          By:     s/ Derek Linke
                                    Derek A. Newman, WSBA No. 26967
21                                  Derek Linke, WSBA No. 38314

22                                  Attorneys for Plaintiff
23                                  DOMAINTOOLS, LLC

24

25

26

27

28

RESPONSE TO MOTION TO DISMISS
[Case No. 2:12-cv-00498-MJP] - 7

NEWMAN | DU WORS

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800